**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RADIANT GLOBAL LOGISTICS, INC., d/b/a DISTRIBUTION BY AIR,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>AMERICAN INDEPENDENT DISTILLERY COOPERATIVE, LLC,  )<br><br>Defendant.  ) | Civil Action No. 20-3239 (RBW) |

**MEMORANDUM OPINION**

The plaintiff, Radiant Global Logistics, Inc., doing business as Distribution By Air, brings this civil action pursuant to 28 U.S.C. § 1332, seeking to collect unpaid transportation costs from the defendant, American Independent Distillery Cooperative, LLC.  See Complaint ("Compl."), ECF No. 1.  Currently pending before the Court is the plaintiff's motion for a default judgment, requesting that a judgment be entered against the defendant "in the amount of $435,441.78, plus post judgment interest by Clerk of this Court."  See Plaintiff Radiant Global Logistics, Inc. d/b/a Distribution by Air's Motion for Entry of Default Judgment Against Defendant American Independent Distillery Cooperative, LLC ("Pl.'s Mot." or the "plaintiff's motion") at 2, ECF No. 7.  Upon careful consideration of the plaintiff's submissions,[1] the Court concludes for the following reasons that it must deny without prejudice the plaintiff's motion.

---

[1] In addition to the filing already identified, the Court considered the following submissions in rendering its decision: (1) the plaintiff's Summons in a Civil Action ("Summons"), ECF No. 2; (2) the plaintiff's Affidavit of Service ("Pl.'s Aff. of Service"), ECF No. 3; (3) the plaintiff's Affidavit in Support of Default ("Pl.'s Default Aff."), ECF No. 5; (4) the Clerk's Entry of Default ("Entry of Default"), ECF No. 6; (5) the Affidavit of John T. Husk (Jan. 8, 2021) ("Husk Aff."), ECF No. 7-1; and (6) the Affidavit of Susan Carr (Jan. 7, 2021), ("Carr Aff."), ECF No. 7-2.

## I.    BACKGROUND

The following facts are taken from the plaintiff's Complaint, unless otherwise specified.

The plaintiff is a Washington State corporation with its principal place of business located in Bellevue, Washington.  Compl. ¶ 1.  The plaintiff is "engaged in the arranging for and performance of interstate carriage for hire by authority issued to it by the Federal Motor Carrier Safety Administration[.]"  See id. ¶¶ 1–2.

The defendant is a Delaware limited liability company with its principal place of business located at 4401-A Connecticut Ave., NW, #101, Washington, DC 20008.  See id. ¶ 3.  The defendant's "[a]gent for [s]ervice of [p]rocess is David Ferguson[,]" who is "the sole and managing member" of the company, id. ¶¶ 4–5, and his address is also 4401-A Connecticut Ave., NW, #101, Washington, DC 20008.  See id. ¶ 5.

Between May and September 2020, the plaintiff "was contracted by [the defendant] to arrange for the transportation of shipments from various points of origin to various destination points."  Id. ¶ 10.  The plaintiff alleges that it "transported or arranged for the transportation of each of the shipments[,]" and that "all [shipments] were delivered to the designated consignees without damage or delay."  Id. ¶ 11.  The plaintiff subsequently "invoiced [the defendant] for its services in the total amount of $435,441.78."  Id. ¶ 11; see generally id., Exhibit ("Ex.") A (Invoices).

According to the plaintiff, the defendant "accepted each of these invoices without objection or protest."  Id. ¶ 14.  However, the plaintiff contends that "[d]espite due demand, [the defendant] has failed to make payment."  Id. ¶ 15.  The plaintiff maintains that the defendant "enjoyed the economic benefit of [the plaintiff]'s services and is liable for payment."  Id. ¶ 12.

On November 10, 2020, the plaintiff filed this action to recover "the identified and unpaid freight charges" of $435,441.78, as well as "such other and further relief as this Court may deem just and proper." Id. ¶ 15. On December 10, 2020, the plaintiff submitted an Affidavit of Service from the plaintiff's process server, Scott Kucik of Columbia Process and Investigative Services LLC. See Pl.'s Aff. of Service at 1. According to the plaintiff's process server, he first attempted to serve the defendant's registered agent, David Ferguson, on November 25, 2020, at his registered address. See id. However, the plaintiff's process server represents that "[t]his address was found to be a Mail Drop and [ ] Ferguson ha[d] no physical presence a[t] this address." Id. After "attempts to [s]erve the [r]egistered [a]gent at the [r]egistered [a]ddress were not successful[,]" the plaintiff's process server asserts that, on December 9, 2020, he served the defendant by serving the Mayor of the District of Columbia via the Superintendent of Corporations at the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), pursuant to D.C. Code § 29-104.12(d). See id. Additionally, the plaintiff's process server represents that "[s]ervice was made by certified mail due to COVID restrictions." Id.; see also id. at 2 (certified mail receipts).

According to the plaintiff, the defendant failed to respond to the filing of this action within twenty-one days of service, which was on or before December 30, 2020, as required by Federal Rule of Civil Procedure 12(a)(1)(A). See Pl.'s Mot. at 2; Fed. R. Civ. P. 12(a). On December 31, 2020, the plaintiff therefore filed an affidavit in support of entry of a default against the defendant. See Pl.'s Default Aff. at 1. On January 6, 2021, the Clerk entered the default. See Entry of Default at 1.

On January 8, 2021, the plaintiff filed a motion for entry of a default judgment against the defendant pursuant to Rule 55(b), which is the subject of this Memorandum Opinion. See Pl.'s

Mot. at 1.  To date, the defendant has not appeared in this case, challenged entry of the default, or opposed the plaintiff's motion for a default judgment.

## II.    STANDARD OF REVIEW

Rule 55 sets forth a two-step process for a party seeking a default judgment.  Fed. R. Civ. P. 55.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  However, despite a plaintiff's ability to acquire a judgment by default, there are "strong policies favoring the resolution of genuine disputes on their merits." Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980); see Peak v. District of Columbia, 236 F.R.D. 13, 15 (D.D.C. 2006) (acknowledging the inherent unfairness of awarding judgment against a party for mere filing delays).  Therefore, a "default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." Jackson, 636 F.2d at 836 (quoting H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam)); see also Teamsters Local 639–Emp'rs Health Tr. v. Boiler & Furnace Cleaners, Inc., 571 F. Supp. 2d 101, 107 (D.D.C. 2008) (Walton, J.) ("[W]hen the adversary process has been halted because of an essentially unresponsive party[,] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.").

A "[d]efault establishes the defaulting party's liability for the well-pleaded allegations of the complaint." Boland v. Elite Terrazzo Flooring, Inc., 763 F. Supp. 2d 64, 67 (D.D.C. 2011) (citing Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)); see also Adkins, 180 F. Supp.

2d at 17 ("A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint.").  "After establishing liability, the [C]ourt must make an independent evaluation of the damages to be awarded and it has 'considerable latitude in determining the amount of damages.'"  Ventura v. L.A. Howard Constr. Co., 134 F. Supp. 3d 99, 103 (D.D.C. 2015) (quoting Boland, 763 F. Supp. 2d at 67).  However, the Court must "ensure[ ] that there [i]s a basis for the damages specified in the default judgment."  Id. (second alteration in original) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)) (internal quotation marks omitted).  And "'the plaintiff must prove its entitlement to the amount of monetary damages requested' using 'detailed affidavits or documentary evidence' on which the court may rely."  Boland v. Providence Constr. Corp., 304 F.R.D. 31, 36 (D.D.C. 2014) (quoting Fanning v. Permanent Sol. Indus., 257 F.R.D. 4, 7 (D.D.C. 2009)).

### III.     ANALYSIS

Because the Clerk has already entered a default against the defendant pursuant to Rule 55(a), see Entry of Default at 1, the Court will proceed to step two of the default judgment analysis under Rule 55(b).  Therefore, the Court "must determine whether entry of [a] default judgment is appropriate and, if it is, whether [the plaintiff] is entitled to the full amount of relief [it] requests."  Ventura, 134 F. Supp. 3d at 103.

As an initial matter, "[t]he fact that the Clerk of Court has entered a default against [the defendant] does not end the Court's inquiry."  Myeress v. ProAm Dance Team NYC LLC, No. CV 18-0109 (PLF), 2019 WL 1011336, at *3 (D.D.C. Mar. 4, 2019).  One course the Court can take is to "set aside the entry of default if no judgment has been entered when good cause is shown."  Van De Berg v. Social Sec. Admin., 254 F.R.D. 144, 145 (D.D.C. 2008); see Fed. R. Civ. P. 55(c).  "The decision to set aside an entry of default rests in the discretion of the district

court." Van De Berg, 254 F.R.D. at 145 (citing Keegel v. Key West & Caribbean Trading Co.,

627 F.2d 372, 373 (D.C. Cir. 1980)).  Here, the Court concludes that the plaintiff has not

provided adequate evidence that it properly served the defendant, and therefore reserves its

ruling on the question of whether service was proper.  In doing so, the Court also reserves ruling

on the question of whether it has good cause to set aside the Clerk's entry of the default.

A default "cannot be entered where there was insufficient service of process." Scott v.

District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Although default may be entered

upon a defendant's failure to plead or otherwise defend, . . . a defendant's obligation to respond

to a complaint arises only upon service of the summons and complaint.") (citing Fed. R. Civ. P.

55(a), 12(a)).  "Valid service of process serves two purposes: to assert personal jurisdiction over

a defendant and to notify the defendant that a party has commenced legal action against it."

Myeress, 2019 WL 1011336, at *3; see also Toms v. Hantman, 530 F. Supp. 2d 188, 190

(D.D.C. 2008) ("Before a court may exercise personal jurisdiction over a defendant, the

procedural requirement of proper service of [a] summons must be satisfied to assure notice to the

defendant.").  "Proper service of process therefore 'is not some mindless technicality.'"

Myeress, 2019 WL 1011336, at *3 (quoting Williams v. GEICO Corp., 792 F. Supp. 2d 58, 65

(D.D.C. 2011)).

"The plaintiff has the burden of proving proper service." Myeress, 2019 WL 1011336,

at *3.  "In order to effect proper service, the plaintiff must serve a summons and a copy of the

complaint within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure." Id.

(citing Fed. R. Civ. P. 4(c)(1)).  Rule 4(m) provides, in relevant part, that "[i]f a defendant is not

served within [ninety] days after the complaint is filed, the court—on motion or on its own after

notice to the plaintiff—must dismiss the action without prejudice against that defendant or order

that service be made within a specified time." Fed. R. Civ. P. 4(m).  And, however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Here, the plaintiff brought this action in the District of Columbia against the defendant, which is a company with its principal place of business in this jurisdiction.  See Compl. ¶ 3. Rule 4(h) governs service on a corporation, partnership, or association.  See Fed. R. Civ. P. 4(h). Relevant here, Rule 4(h) provides that "[u]nless federal law provides otherwise[,]" a domestic corporation must be served in a judicial district of the United States either: (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual[,]" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A), (B).  In this case, "there is no indication in the record that a copy of the summons or the Complaint [were] delivered to an officer of [the defendant] or its authorized agent[,]" Myeress, 2019 WL 1011336, at *3, as the plaintiff's efforts to serve the defendant's registered agent were unsuccessful, see Pl.'s Aff. of Service at 1.  Therefore, the Court "must proceed by determining whether [the defendant] was served consistent with Rule 4(e)(1)—that is, in the proper manner for serving an individual." Myeress, 2019 WL 1011336, at *3.

Rule 4(e)(1) allows for a party to serve an individual with the summons and complaint "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The plaintiff's process server represents that he "intended to comply with the laws of the District of Columbia—where [this] district court is located." See Myeress, 2019 WL 1011336, at *3;

Pl.'s Aff. of Service at 1.  Therefore, the Court must assess whether the defendant was properly served under the laws of the District of Columbia.

The plaintiff alleges that it effectuated service by serving the Mayor of the District of Columbia via the Superintendent of Corporations at the DCRA, pursuant to D.C. Code § 29-104.12(d).  See id. at 1.  "[District of Columbia] law provides an alternative means of serving a company when the plaintiff's reasonably diligent efforts to serve a registered agent fail."  SNH Med. Off. Properties Tr. v. A Bloomin' Sandwich Cafe, Inc., No. 19-CV-745 (KBJ), 2020 WL 5834858, at *5 (D.D.C. Sept. 30, 2020).  Specifically, the District of Columbia Code permits a party to serve the Mayor or the Mayor's designee if "an entity fails to designate or maintain a registered agent in the District as required by law, or if an entity's registered agent in the District cannot with reasonable diligence be found."  D.C. Code § 29-104.12(d).  The Mayor has designated the Superintendent of Corporations at the DCRA to accept service in such circumstances.  See 56 D.C. Reg. 34, 6804 (Apr. 24, 2009); Robinson v. Ergo Sols., LLC, 10 F. Supp. 3d 157, 162 (D.D.C. 2014).  Once a plaintiff has served the complaint and summons on the DCRA's Superintendent of Corporations, the Mayor must "cause one of the copies to be forwarded by registered or certified mail to the entity at its principal office or at its last known address."  D.C. Code § 29-104.12(d); see Robinson, 10 F. Supp. 3d at 162.

As an initial matter, the Court concludes that the plaintiff "has demonstrated that it exercised 'reasonable diligence' to attempt to serve [the defendant], and thus its service of process meets the threshold requirement of D.C. Code § 29-104.12(d)."  SNH Med. Off. Properties Tr., 2020 WL 5834858, at *5 (quoting D.C. Code § 29-104.12(d)).  In the plaintiff's Affidavit of Service, Scott Kucik on behalf of Columbia Process and Investigative Services LLC, represents that, on November 25, 2020, service was attempted on the defendant's registered

agent at his registered address, but "[t]his address was found to be a Mail Drop and [ ] Ferguson[, the defendant's registered agent,] ha[d] no physical presence a[t] this address." Pl.'s Aff. of Service at 1.  In light of the fact that the plaintiff's "attempts to [s]erve the [r]egistered [a]gent at the [r]egistered [a]ddress were not successful[,]" Kucik then attempted to effect service by sending a copy of the summons and Complaint to the Superintendent of Corporations at the DCRA via certified mail, pursuant to D.C. Code § 29-104.12(d).  Id.

The plaintiff has failed to show, however, that sending a copy of the summons and Complaint to the DCRA via certified mail constituted valid service of process on the defendant. According to the DCRA's instructions regarding service of process, as published on its official website, "[s]ervice of [p]rocess can be mailed or delivered to DCRA's Superintendent of Corporations[.]"  Dep't of Consumer and Regul. Aff., Service of Process, https://dcra.dc.gov/service/service-process (last visited Oct. 11, 2021).[2]  The DCRA website provides different instructions for submitting service of process via mail or in-person delivery. See id.  First, to serve the Superintendent of Corporations via mail, a party must mail its service of process to the DCRA's Corporations Division to the following address: Wells Fargo Bank, 7175 Columbia Gateway Drive, Lockbox # 92300, Columbia, MD 21046, and "email [a] copy of [the] mail-in service of process to the following email box – dcra.corp@dc.gov."  Id.  Second, to serve the Superintendent of Corporations via "walk-in service[,]" a party must hand-deliver its service of process to the DCRA's Corporation Division at the following address: 1100 4th Street, SW, 2nd Floor, Washington, DC 20024.  Id.  However, the DCRA website indicates that walk-in

---

[2] The Court takes judicial notice of the DCRA's instructions regarding service of process, which is published on DCRA's public website.  See Farrell v. Tillerson, 315 F. Supp. 3d 47, 54 n.3 (D.D.C. 2018) (Walton, J.) ("[C]ourts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies." (alteration in original) (quoting United States ex rel. Groat v. Boston Heart Diagnostics Corp., 255 F. Supp. 3d 13, 24 n.7 (D.D.C. 2017) (Walton, J.)).

service is "[n]ot [a]vailable as of March 2020," presumably due to the impacts of the COVID-19 pandemic.  Id.  Regardless of whether a party seeks to effect service of process via mail or in-person, the DCRA website states that "[o]nce [the] Superintendent of Corporations has been served, [a party] may request certificate of service."  Id.  Additionally, the DCRA advises parties to "reach out to [the] Corporations division to ensure that service has been completed before requesting certificate of service."  Id.

Here, the plaintiff has not shown that it has complied with the DCRA's instructions.  In the plaintiff's Affidavit of Service, the plaintiff attached a United States Postal Service certified mail receipt, indicating that, on December 9, 2020, the plaintiff's mailing was sent to the DCRA at the following address: 1100 4th Street, SW, Washington, D.C. 20024.  See Pl.'s Aff. of Service at 2.  Thus, the plaintiff appears to have sought to effect mail-in service by sending the summons and Complaint to the address designated for walk-in service, which the DCRA represents has been closed as of March 2020.  See Dep't of Consumer and Regul. Aff., Service of Process, https://dcra.dc.gov/service/service-process (last visited Oct. 11, 2021) (stating that walk-in service is "[n]ot [a]vailable as of March 2020").  Moreover, the plaintiff has failed to provide any documentation confirming that the Superintendent of Corporations was ever served, or that the DCRA in turn sent a copy of the summons and Complaint by certified mail to the defendant.  See generally id.  Rather, the plaintiff has included a declaration from the plaintiff's counsel, John T. Husk, merely stating that he "filed a Return of Service/Affidavit of Summons and Complaint [e]xecuted with this Court indicating the [d]efendant was served with the Summons and Complaint in this case on December 9, 2020."  Husk Aff. at 1.  However, Husk's affidavit contains no further representations regarding any efforts taken to ensure that the Superintendent of Corporations was properly served, such as outreach to the DCRA's

Corporation Division to ensure that service was effected, or obtaining a certificate of service from the DCRA.

In determining whether a plaintiff has properly effected service by serving the DCRA, another member of this Court has considered whether that plaintiff provided official certificates of service from the DCRA, "certif[ying] that it forwarded the serving documents to [the defendant's] registered agent[.]" See Robinson v. Ergo Sols., LLC, 4 F. Supp. 3d 181, 185 (D.D.C. 2014) (discussing certificates of service from the DCRA's Superintendent of Corporations in determining whether service of process was properly effected); cf. SNH Med. Off. Properties Tr., 2020 WL 5834858, at *5 (concluding that that plaintiff had properly served DCRA without reference to a certificate of service, where the plaintiff's process server "certified that he served the complaint and summons on a paralegal 'authorized to accept [service] on behalf of the [DCRA]'" via walk-in service). Here, however, the plaintiff has failed to provide a certificate of service from the DCRA, or any other evidence demonstrating that its mailing to the DCRA constituted valid service of process on the defendant. Accordingly, the Court concludes that the plaintiff has failed to meet its burden of proving that the defendant has been properly served in this case.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that the plaintiff has failed to meet its burden of proving that the defendant has been properly served in this case. Accordingly, the Court must deny without prejudice the plaintiff's motion for a default judgment. The Court will afford the plaintiff an opportunity to, within thirty days from the date of the issuance of this Memorandum Opinion, to either submit proof that the defendant has been properly served, or submit to the Court a statement showing good cause for its delay in serving the defendant and its

estimation of when the defendant will be properly served.  Because the Court has afforded the plaintiff additional time to submit any evidence of proper service, the Court will reserve ruling on the question of whether it has good cause to set aside the Clerk's entry of the default.

**SO ORDERED** this 19th day of November, 2021.[3]

REGGIE B. WALTON
United States District Judge

---

[3] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.